IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART N. AULD,

    Plaintiff,

vs.                                    Case No. 17-2173-JTM

REVERSE MORTGAGE FUNDING, LLC., *et al.*,

    Defendants.

MEMORANDUM AND ORDER

On March 23, 2017, in an apparent effort to delay mortgage foreclosure proceedings, Stuart Auld filed a Notice of Removal of two Johnson County District Court cases, Nos. 11-CV-04594 and 11-LA-06740. (Dkt. 1).[1] This is the second time Auld has attempted to remove these state cases. In *Auld v. SunWest Mortgage*, 13-2031-JTM, the court remanded the action, and awarded $2500 in attorney fees for attempting to remove an action without any objectively reasonable basis for federal jurisdiction.

Defendant Reverse Mortgage Funding, LLC, successor to the loan interest of Sun

---

[1] The State court entered its order of foreclosure on June 13, 2016 and approved an order for the property to be sold on September 1, 2016. One day before the sale, Auld filed a Chapter 11 bankruptcy petition. The bankruptcy court granted Reverse Mortgage relief from the the staty on Januayr 11, 2017. On February 2, 2017, the state court entered a new Order of Sale, and scheduled a sheriff's sale on March 23, 2017.

West, has moved to remand the actions, and for sanctions in the amount of $5000 for wrongful removal. (Dkt. 7). Appearing *pro se*, Auld has filed a lengthy pleading which advances various rationales for attacking the state court's conclusions, and asks for injunctive relief vacating the orders of foreclosure and sale.

The court hereby grants the Motion to Remand. Auld is bound by the doctrines of *res judicata* and collateral estoppel, as all of the arguments which he now seeks to advance were or could have been resolved in the state court. More importantly, the court lacks jurisdiction to entertain such arguments. In 2013, this court remanded the same state cases on multiple grounds: (1) that, as the original plaintiff in the state cases, Auld could not remove them, (2) that the January 16, 2013 Notice of Removal was untimely, since it was filed more than 30 days after Sun West intervened in the action, and (3) in any event, Auld had "waived his right to do so by actively litigating this case for more than ten months." (Dkt. 17, at 4). On appeal, the Tenth Circuit held that it was without jurisdiction to directly review the order of remand, but, in affirming the award of sanctions, observed "[t]he district court's reasons for concluding that removal was defective are well-supported and correct," and that Auld "clearly lacked an objectively reasonable basis for seeking removal." (No. 13-2031, Dkt. 37, at 4) (internal quotation marks omitted).

The court adopts and incorporates its conclusions in *Auld v. Sun West*. Each of the grounds for remanding the actions in 2013 remain valid. After years of additional state litigation, petitioner could not have any objectively reasonable basis for removal, and the the court approves an award of attorney fees up to $5000.

IT IS ACCORDINGLY ORDERED this 13th day of April, 2017, that Reverse Mortgage's Motion to Remand (Dkt. 8) is granted; to the extent petitioner seeks any affirmative relief in his pleadings (Dkt. 6, 9) such request is denied as moot; and the court approves an award of fees and costs to a maximum of $5,500.

                                                              ___s/ J. Thomas Marten_____
                                                              J. THOMAS MARTEN, JUDGE