IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART N. AULD,

    Plaintiff,

vs.                              Case No. 17-2173-JTM

REVERSE MORTGAGE FUNDING, LLC., *et al.*,

    Defendants.

MEMORANDUM AND ORDER

On April 13, 2017, the court remanded this state foreclosure action removed *by pro se* plaintiff Stuart. (Dkt. 10). The court determined that no federal jurisdiction existed for what was in effect an eleventh-hour attempt to delay foreclosure, and authorized as sanctions defendant Reverse Mortgage Funding's attorney fees and costs up to a maximum of $5000. Auld has now moved to vacate the order of remand (Dkt. 14) and for appointment of counsel. (Dkt. 12).

There is no constitutional right to counsel in civil cases. *Snyder v. Whetsel*, 152 Fed.Appx. 730, 732 (10th Cir. 2005). The court in its discretion may appoint counsel to represent a litigant, based on the merits of plaintiff's claims, the nature of the factual issues he raises, his ability to present his claims, and the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Auld has actively

litigated the state foreclosure action without counsel for years, and, as noted in the court's earlier orders, Auld's assertion of federal jurisdiction is utterly without merit. The request for appoint of counsel is denied.

The court construes plaintiff's Motion to Vacate as a motion for reconsideration of the order of remand. A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Auld's motion attacks the state court's order of foreclosure and order for sheriff's sale on various grounds, but nowhere addresses the multiple reasons, addressed in the defendant's motion to remand (Dkt. 8) and in the court's order, why federal removal jurisdiction is untenable. The motion to vacate or remand is accordingly denied.

IT IS SO ORDERED this 1st day of May, 2017 that plaintiff's Motions for Appointment and to Vacate (Dkt. 12, 14) are hereby denied.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE